UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MARK MCKINNEY aka JAMES WORTH, | ) | Civil No. 12-CV-1591-DMS (WVG) |
| | ) | |
| Petitioner, | ) | REPORT AND RECOMMENDATION |
| | ) | DENYING PETITION FOR WRIT OF |
| v. | ) | HABEAS CORPUS |
| | ) | |
| GORE, Warden, *et al*. | ) | |
| | ) | |
| Respondents. | ) | [DOC. NO. 1.] |
| | ) | |
| | ) | |

Mark McKinney, aka James Worth ("Petitioner"), a state prisoner proceeding *pro se*, has filed a Petition for Writ of Habeas Corpus in this Court pursuant to 28 U.S.C. Section 2254.  (Doc. No. 1.)  Respondents William D. Gore, Cliff Allenby, and Kamala D. Harris ("Respondents") have filed an Answer to the Petition.  (Doc. No. 9.)  Petitioner has filed a Reply to Respondents' Answer.  (Doc. No. 12.)

This Court, having reviewed Petitioner's Petition, Respondent's Answer, Petitioner's Reply, and the lodgments presented therewith, finds that Petitioner is not entitled to the relief requested, and that Petitioner's Petition is barred by the statute of limitations.  Therefore, the Court RECOMMENDS that the Petition for Writ of Habeas Corpus be DENIED.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On March 7, 1980, in the State of Arizona, County of Maricopa, Petitioner, using the name James Worth, pled guilty to one count of sexual conduct with a minor under the age of fifteen.  (Doc.

1  No. 1-1 at 34, 44.)  Petitioner's conviction was the result of an incident which occurred on March 5,

2  1979, when Petitioner was orally copulated by a ten year old female child.  Id. at 22, 44; Doc. No. 1-3

3  at 29.  He was sentenced to seven years in prison.  (Doc. No. 1-1 at 37.)

4  On September 4, 2003, Petitioner was arrested in San Diego County after a police pursuit

5  while he was driving a stolen vehicle. (Doc. No. 1-3 at 22.)  In California Superior Court case number

6  SCS178581, Petitioner was charged with violating the following felony offenses: California Vehicle

7  Code[1/] Section 2800.2(a), evading officer with reckless driving; Vehicle Code Section 10851(a),

8  unlawful take and drive a vehicle; Penal Code Section 496(d), buy / receive / conceal / sell / withhold

9  stolen vehicle; and Penal Code Section 594(a)(b)(1), vandalism over $400.  (Doc. No. 1-1 at 9-10.)

10  In addition to the four felony offenses, the charge summary on the California Superior

11  Court Complaint also listed two prior felony convictions as prison priors: Petitioner's Arizona

12  conviction in 1980 for sexual conduct with a minor under the age of fifteen, and Petitioner's San

13  Diego County conviction in 1988 for sexual exploitation of children.  (Doc. No. 1-1 at 11.)

14  Petitioner's Arizona conviction was also listed as a "strike prior" on the charge summary.  Id. at 12.

15  The summary stated that it was, "further alleged pursuant to Penal Code [S]ections 667(b) through

16  (i), 1170.12, and 668 that [Petitioner] has suffered the following prior conviction(s)...which are now

17  serious or violent felonies under California law whether committed in California or elsewhere."  Id.

18  On September 19, 2003, Petitioner, represented by Deputy Public Defender Luis Guerrero,

19  pled guilty to one count of evading an officer with reckless driving (Vehicle Code § 2800.2(a)), and

20  one count of unlawful take and drive a vehicle (Vehicle Code § 10851(a)).  (Respondents' Lodgment

21  No. 2; Doc. No. 1-2 at 2; Doc. No.1-3 at 3; Doc. No. 15 at 5.)  In the plea agreement, Petitioner also

22  admitted one "strike prior," pursuant to Penal Code Sections 1203(e)(4) (no probation for twice

23  convicted felons), 667.5(b) (prior prison terms; enhancement of sentence), and 668 (out of jurisdiction

24  felony crimes) for his Arizona conviction for sexual conduct with a minor under the age of fifteen.

25  (Respondents' Lodgment No. 2; Doc. No. 1-1 at 11; Doc. No. 1-2 at 2; Doc. No. 15 at 5.)  Petitioner

---

[1/] All further statutory references are to the California Vehicle Code or the California Penal Code, unless otherwise specified.

1    also agreed to waive his right to appeal issues related to strike priors.  (Respondents' Lodgment No.

2    2.)

3          On December 11, 2003, Petitioner stipulated to a sentence of five years and four months

4    in prison concurrent with probation revocation.  (Doc. No. 1-1 at 14; Doc. No. 1-2 at 2; Respondents'

5    Lodgment No. 3.)  He did not appeal his conviction.  (Petition at 2; Doc. No. 1-2 at 2.)

6          On May 11, 2011, the San Diego County District Attorney's Office filed a Petition for

7    Involuntary Treatment of a Sexually Violent Predator ("SVP"), pursuant to California Welfare and

8    Institutions Code ("WIC") Section 6600, et seq.  (Doc. No. 1-1 at 43.)  Petitioner was confined at R.J.

9    Donovan Correctional Facility in San Diego, California, at the time that the SVP Petition was filed.

10   Id.  The SVP Petition stated that, on March 17, 1980,[2] in the State of Arizona, Petitioner pled guilty

11   to the crime of sexual conduct with a minor under the age of fifteen.  Id.  The District Attorney's

12   Office alleged that Petitioner:

13          is a person who has been convicted of a sexually violent offense against one or more
            victims for which he was sentenced and who has a diagnosed mental disorder that
14          makes him a danger to the health and safety of others, in that it is likely he will engage
            in sexually violent predatory criminal behavior.

15   Id.

16          On May 27, 2011, Petitioner was enrolled by the state in the involuntary treatment program

17   for sexually violent predators.  (Doc. No. 1-2 at 2-3.)

18          On October 3, 2011, Petitioner filed a Petition for Writ of Habeas Corpus in the California

19   Superior Court, County of San Diego.  (Petition at 3; Doc. No. 1-3.)  He claimed ineffective assistance

20   of counsel and unlawful confinement under WIC Section 6600, et seq.  (Petition at 3; Doc. No. 1-3

21   at 7.)  Petitioner alleged that his appointed attorney in the 2003 criminal proceeding was ineffective

22   for failing to notice that the allegation of the strike prior in his plea agreement did not actually qualify

23   as a strike prior under California law, and for failing to obtain records of his prior conviction from the

24   state of Arizona.  (Petition at 6.)  Petitioner claimed that, with competent counsel, the prison sentence

25   for his 2003 conviction would have been shorter, and he would have been discharged from custody

26

27   _____

28        [2] The SVP petition lists an erroneous date of March 17, 1980, as the date that Petitioner pled guilty to the Arizona
     felony.  (Doc. No. 1-1 at 44.)  However, documents lodged with the Court note that Petitioner entered a guilty plea on
     March 7, 1980.  Id. at 34, 44.

1   before October of 2006, which was prior to the effective date of Jessica's Law.[3]  (Doc. No. 1-1 at 5.)

2   Therefore, Petitioner argued, he would not have been eligible for involuntary commitment under

3   California's SVP statute.  Id; Doc. No. 1-2 at 3.

4           On October 14, 2011, the California Superior Court issued a reasoned order denying

5   Petitioner's habeas petition. (Petition at 3; Doc. No. 1-2.)  The state court found that Petitioner did

6   not receive ineffective assistance of counsel, and noted that he had failed to submit any documentation

7   in support of his claim. (Doc. No. 1-2 at 3.)  Further, the court determined that Petitioner was not

8   prejudiced by trial counsel's actions.  Id.  The court did not address Petitioner's claim of unlawful

9   confinement under the SVP statute.  (Doc. No. 1-2.)

10          On December 2, 2011, Petitioner filed a Petition for Writ of Habeas Corpus in the

11  California Court of Appeal, Fourth Appellate District, Division One.  (Petition at 4; Doc. No. 1-3.)

12  Once again, Petitioner claimed that he had received ineffective assistance of counsel, and that his SVP

13  confinement was unlawful due to the longer prison sentence that he received based on counsel's

14  advice to admit the strike prior.  (Doc. No. 1-3 at 4-5.)

15          On December 19, 2011, the California Court of Appeal denied the petition in a minute entry

16  on the court's docket.  (Doc. No. 1-4 at 2.)  It did not issue a reasoned order.  Id.

17          On January 6, 2012, Petitioner filed a Petition for Writ of Habeas Corpus in the California

18  Supreme Court, and asserted the same claims of ineffective assistance of counsel and unlawful SVP

19  confinement. (Petition at 4; Doc. No. 1-6 at 2.)  On February 29, 2012, the California Supreme Court

20  issued a silent denial of the petition.  (Doc. No. 1-6 at 2.)

21          On June 27, 2012, Petitioner filed the instant Petition for Writ of Habeas Corpus in this

22  Court. (Doc. No. 1.)  On June 28, 2012, this Court ordered a Response to the Petition, and ordered

23  any traverse to be filed by Petitioner no later than September 27, 2012.  (Doc. No. 2 at 2.)  On

24  September 19, 2012, Respondents' filed an Answer to the Petition.  (Doc. No. 9.)  On November 2,

25  2012, Petitioner filed an untimely Reply to Respondents' Answer. (Doc. No. 12.)  On November 20,

26

27

28       [3] On November 7, 2006, California voters approved Proposition 83, also known as Jessica's Law, which made substantive changes to the Sexually Violent Predators Act ("SVPA"), effective November 8, 2006.  People v. Carlin, 150 Cal.App.4th 322, 328, n.2 (2007).  For example, as amended, WIC Section 6600 requires that the People prove a sexually violent offense against only one or more victims.  Id; citing (§ 6600(a), Prop. 83, § 24, approved Nov. 7, 2006, eff. Nov. 8, 2006.)

2012, Petitioner filed the Reply again, along with a Notice of Lodgment and a Declaration of his former counsel, Mr. Luis Guerrero.  (Doc. Nos. 14, 15.)

## II. <u>SCOPE OF REVIEW</u>

This Petition is governed by Title 28, United States Code, § 2254, as amended by the 1996 Antiterrorism and Effective Death Penalty Act ("AEDPA").  Section 2254(a) sets forth the following scope of review for federal habeas corpus claims:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.  28 U.S.C. § 2254(a).

As amended, 28 U.S.C. § 2254(d) reads:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> (1) resulted in a decision that was <u>contrary to</u>, or involved an <u>unreasonable application</u> of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an <u>unreasonable determination</u> of the facts in light of the evidence presented in the State court proceeding.  28 U.S.C. § 2245(d)(1)-(2) (emphasis added).

"AEDPA establishes a 'highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt.'" <u>Womack v. Del Papa</u>, 497 F.3d 998, 1001 (9th Cir. 2007); <u>quoting</u> <u>Woodford v. Viscotti</u>, 537 U.S. 19, 24, 123 S.Ct. 357, 154 L.Ed.2d 279 (2002).  To obtain federal habeas relief, Petitioner must satisfy either Section 2254(d)(1) or Section 2254(d)(2).  <u>See</u> <u>Williams v. Taylor</u>, 529 U.S. 362, 403, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000).  The Supreme Court has ruled that the "contrary to" clause of Section 2254(d)(1) permits a grant of habeas relief "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts."  <u>Id.</u> at 412-13.  The Supreme Court has also interpreted the "unreasonable application" clause of Section 2254(d)(1) to allow a grant of "the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."  <u>Id.</u> at 413.  The Supreme Court has clarified that

1   under Section 2254(d)(2), even an erroneous or incorrect application of clearly established federal law

2   does not support a habeas grant, unless the state court's application was "objectively unreasonable."

3   Lockyer v. Andrade, 538 U.S. 63, 75, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003).

4            In a case where an earlier state opinion "fairly appear[s] to rest primarily upon federal law,"

5   but a later one is silent or cryptic, the federal habeas court looks through the later decision to the last

6   reasoned decision and treats the later one as reaching the merits if the earlier one did.  See Ylst v.

7   Nunnemaker, 501 U.S. 797, 803, 805, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991).  If the dispositive state

8   court order does not "furnish a basis for its reasoning," federal habeas courts must conduct an

9   independent review of the record to determine whether the state court's decision is contrary to, or an

10  unreasonable application of, clearly established Supreme Court law.  See Delgado v. Lewis, 223 F.3d

11  976, 981-82 (9th Cir. 2000) (overruled on other grounds by Lockyer, 538 U.S. at 75-76).  "Where a

12  state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must

13  be met by showing there was no reasonable basis for the state court to deny relief."  Harrington v.

14  Richter, __ U.S. __, 131 S.Ct. 770, 784, 178 L.Ed.2d. 624 (2011).; Pirtle v. Morgan, 313 F.3d 1160,

15  1167 (9th Cir. 2002) (holding that when the state court reaches the merits of a claim but provides no

16  reasoning to support is conclusion, "although we independently review the record, we still defer to

17  the state court's ultimate decision.") Further, a state court need not cite Supreme Court precedent

18  when resolving a habeas corpus claim.  Early v. Packer, 537 U.S. 3, 8, 123 S.Ct. 362, 154 L.Ed.2d 263

19  (2002).  Absent citations to Supreme Court precedent, habeas relief is not merited if the state court

20  decision neither contradicts the reasoning nor the result of Supreme Court rulings.  Id.

21           The silent denials of the state appellate and supreme courts are considered to be decisions

22  "on the merits" of the claims.  Hunter v. Aispuro, 982 F.2d 344, 347-48 (9th Cir. 1992); see also

23  Harrington, 131 S.Ct. at 785 (2011) (holding that an unexplained denial of a claim by the California

24  Supreme Court is an adjudication on the merits of the claim entitled to AEDPA deference unless

25  "there is reason to think some other explanation for the state court's decision is likely"); but see Evans

26  v. Chavis, 546 U.S. 189, 126 S.Ct. 846, 852, 163 L.Ed.2d 684 (2006) (holding that Aispuro

27  presumption that silent denial was "on the merits" does not excuse district court from determining

28  whether state habeas petition was also untimely for statute of limitations purposes).

Moreover, the district court is entitled to rely on the state court record alone.  <u>Knaubert v. Goldsmith</u>, 791 F.2d 722, 729 (9th Cir. 1986); <u>citing Sumner v. Mata</u>, 449 U.S. 539, 545-57, 101 S.Ct. 764, 66 L.Ed.2d 722 (1981); § 2254(d).  In <u>Cullen v. Pinholster</u>, the Supreme Court held that when conducting Section 2254(d) review, a federal court may not consider any new evidence that was not in the record before the state court.  <u>Cullen v. Pinholster</u>, __ U.S. __, 131 S.Ct. 1388, 1400, 179 L.Ed.2d 557 (2011); <u>Caudill v. Conover</u>, 871 F.Supp.2d 639, 644-45 (E.D. Ky. 2012).  In reaching that conclusion, the Court reasoned that under Section 2254(d)(1), a federal habeas court's review is limited to the record that was before the state court that adjudicated the claim on the merits, and that any evidence later introduced in federal court is irrelevant to Section 2254(d)(1) review.  <u>Id.</u> at 1400.  This is because "review under [Section] 2254(d)(1) focuses on what a state court knew and did."  <u>Id.</u> at 1399.

## III. DISCUSSION

Petitioner claims that habeas relief is proper based on the following two grounds: (1) his constitutional right to effective assistance of counsel was violated, which resulted in an unlawful sentence; and (2) the civil commitment petition under which he is currently detained is based on a petition that was filed when he was in unlawful custody.  (Petition at 6-7.)  However, in Petitioner's Reply, he concedes, "[a]s for Petitioner's second claim, that his current confinement under the SVPA is unlawful, Petitioner agrees that abstention is appropriate.  As long as the SVP case is pending in superior court, the superior court is the appropriate tribunal in which to resolve that question." (Doc. No. 14-1 at 10.)  In light of this concession, the Court will discuss the applicability of the AEDPA's statute of limitations, and only address Petitioner's claim of ineffective assistance of counsel.

### A. PETITIONER'S HABEAS PETITION IS BARRED BY THE STATUTE OF LIMITATIONS

Petitioner claims that he waited more than eight years from the time the statute of limitations began running to file a federal habeas corpus petition because he just "learned last fall" that he has no strike priors.  (Petition at 6.)  In his state habeas petition, Petitioner claimed that he did not realize that he had been denied effective representation until he was so informed by his attorney

in the SVP commitment proceedings in September of 2011.[4/] (Doc. No. 1-3 at 7.)  In his state habeas petition, Petitioner argued, "I'm not a lawyer and don't know the intricacies of the [three] strikes law." Id.

Respondent contends that the instant Petition is barred by the AEDPA's statute of limitations.  (Doc. No. 9-1 at 12.)

## 1. PETITIONER'S HABEAS PETITION IS BARRED BY THE AEDPA'S ONE-YEAR STATUTE OF LIMITATIONS

The provisions of the AEDPA apply to petitions for writs of habeas corpus filed in federal court after the AEDPA's effective date of April 24, 1996.  Lindh v. Murphy, 521 U.S. 320, 117 S. Ct. 2059, 2068, 138 L.Ed.2d 481 (1997).  The instant Petition was filed on June 27, 2012, therefore, the AEDPA applies to this case.

Prior to the enactment of the AEDPA on April 24, 1996, "state prisoners had almost unfettered discretion in deciding when to file a federal habeas petition."  Calderon v. United States Dist. Court (Beeler), 128 F.3d 1283, 1286 (9th Cir. 1997), cert. denied, 118 U.S. 897 (1998), overruled on other grounds by Calderon v. United States Dist. Court (Kelly), 163 F.3d 530, 540 (9th Cir. 1998).  "[D]elays of more than a decade did not necessarily bar a prisoner from seeking relief." Beeler, 128 F.3d at 1286.

With enactment of the AEDPA, a state prisoner's time frame for seeking federal habeas relief was dramatically limited.  The AEDPA amended 28 U.S.C. Section 2244 by, in part, adding subdivision (d), which provides for a one-year limitation period for state prisoners to file habeas corpus petitions in federal court.  Section 2244(d) states, in pertinent part:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of -
>
> > (A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> > (B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of

---

[4/] Deputy Public Defender Laura Arnold of the Office of the Primary Public Defender represents Petitioner in his SVP commitment proceedings.  (Doc. No. 1-3 at 7.)

the United States is removed, if the applicant was prevented from filing by such State action;

(C)      the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)      the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)      The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The AEDPA's one-year statute of limitations begins to run "on the date which judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1)(A).  In California, when a petitioner does not appeal his conviction, the conviction becomes final sixty days after sentencing.  Miller v. Adams, 2009 WL 6526009, 2 (S.D. Cal. 2009); Chavez v. Yates, 2209 WL 2163501, 4 (C.D. Cal. 2009); see Cal.Rules of Court, Rule 8.308(a).  Additionally, the period of "direct review," pursuant to Section 2244(d)(1)(A), includes the ninety day period within which a petitioner could have filed a petition for a writ of certiorari from the United States Supreme Court.  Miller v. Adams, 2009 WL 6526009, 2.  Therefore, where the petitioner does not appeal the conviction, the one-year filing period begins to run one hundred and fifty days following the conviction.  Id; Lewis v. Mitchell, 173 F. Supp 2d 1057, 1060 (C.D. Cal. 2001).  Here, Petitioner was sentenced on December 11, 2003.  (Respondents' Lodgment No. 3.)  Thus, for Petitioner, the statute of limitations under the AEDPA began to run on May 10, 2004.[5]

Therefore, absent tolling, Petitioner had one year, or until May 10, 2005, to file his Petition for Writ of Habeas Corpus in this Court.  However, as explained in detail below, Petitioner waited more than eight years from the time that the AEDPA's statute of limitations began running before he filed the Petition that is now before this Court, thus making it untimely and barred by the statute of limitations.

---

[5] The one hundred and fiftieth day after Petitioner's sentencing fell on Sunday, May 9, 2004.  Under the Federal Rules of Civil Procedure, when the last day of a period falls on a Sunday, the expiration date becomes the next court day. Fed. R. Civ. P. 6(a)(1)(C).

A petition for writ of habeas corpus can "be timely, even if filed after the one-year time period has expired, when statutory or equitable tolling applies." Jorss v. Gomez, 311 F.3d 1189, 1192 (9th Cir. 2002). However, a court must first determine whether a petition was untimely under the statute itself before it considers whether tolling should be applied. Jorss, 311 F.3d at 1192. Accordingly, a court should begin its statute of limitations analysis under AEDPA with the relevant timeliness calculations. Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir.), cert. denied, 537 U.S. 1003, 123 S.Ct. 496, 154 L.Ed.2d 399 (2002). "[T]he next step is to determine whether the limitations period should be statutorily tolled[,]" while "[t]he final step is to determine whether equitable tolling applies." Shafer v. Knowles, 2003 WL 22127878, 2 (N.D. Cal. 2003). Following this framework, the Court begins its analysis with the relevant timeliness inquiry.

### a. The Instant Petition is Facially Untimely

AEDPA's limitations period generally begins running when the state judgment becomes final after direct review, or the time for seeking direct review has passed. White v. Lambert, 370 F.3d 1002, 1010 n.6 (9th Cir.), cert. denied, 543 U.S. 991, 125 S.Ct. 503, 160 L.Ed.2d 379 (2004), overruled on other grounds by Hayward v. Marshall, 603 F.3d 546, 554 (9th Cir. 2010); see Howell v. Roe, 2003 WL 403353, 1 (N.D. Cal. 2003) ("Ordinarily, the starting date of the limitations period is the date on which the judgment becomes final after the conclusion of direct review or the time passed for seeking direct review"); Shafer, 2003 WL 22127878, 1 ("The starting date of the limitations period here is the ordinary one: the date on which the judgment became final after the conclusion of direct review or the time passed for seeking direct review.")

As noted above, a California petitioner's conviction becomes final sixty days after sentencing, and there is a ninety day period within which a petitioner may file a petition for certiorari in the United States Supreme Court. See Miller v. Adams, 2009 WL 6526009, 2. Petitioner did not appeal his conviction, and the one-year statute of limitations period began to run one hundred and fifty days following his sentencing date of December 11, 2003. Thus, for Petitioner, the statute of limitations under the AEDPA began to run on May 10, 2004.

Petitioner filed the instant Petition on June 27, 2012, more than eight years after the statute of limitations period began to run. Because his Petition was filed long after AEDPA's one-year

1    limitation period had expired, the instant Petition can be timely <u>only if</u> the limitations period is tolled

2    under statutory or equitable tolling principles.

3                            **b. <u>Petitioner is Not Entitled to Statutory Tolling</u>**

4            Under 28 U.S.C. Section 2244(d)(2), statutory tolling of AEDPA's one-year statute of

5    limitations is available "during the time 'a properly filed application for State post-conviction or other

6    collateral review with respect to the pertinent judgment or claim is pending.'" <u>Delhomme v. Ramirez</u>,

7    340 F.3d 817, 819 (9th Cir. 2003), abrogated on other grounds as recognized by <u>Waldrip v. Hall</u>, 548

8    F.3d 729, 733 (9th Cir. 2008) (per curium); <u>quoting</u> 28 U.S.C. § 2244(d)(2); accord <u>Chavis</u>, 546 U.S.

9    at 191.  A petition for habeas corpus is considered pending while a California petitioner completes

10   a full round of state collateral review.  <u>Delhomme</u>, 340 F.3d at 819; <u>see</u> <u>also</u> <u>Carey v. Saffold</u>, 536

11   U.S. 214, 219-20, 122 S.Ct. 2134, 2138, 153 L.Ed.2d 260 (2002) (A petition "is pending as long as

12   the ordinary state collateral review process is 'in continuance' - i.e., 'until the completion of' that

13   process.  In other words, until the [petition] has achieved final resolution through the State's post-

14   conviction procedures, by definition it remains 'pending.'")

15           A petitioner is entitled to statutory tolling for a complete round of state collateral review

16   only if the petitioner filed his or her court habeas petition within a "reasonable time" between a lower

17   state court's denial of the habeas petition and the filing of a habeas petition in a higher state court.

18   <u>Chavis</u>, 546 U.S. at 193.  ("As long as the prisoner filed a petition for appellate review within a

19   'reasonable time,' he could count as 'pending' (and add to the one-year time limit) the days between

20   (1) the time the lower state court reached an adverse decision, and (2) the day he filed a petition in the

21   higher state court.")  However, "if there is any gap between the completion of one round of review

22   and the commencement of another round of state habeas review, the petitioner is not entitled to tolling

23   during the gap."  <u>Delhomme</u>, 340 F.3d at 821.

24           In addition to these principles, our courts have held that "in order to qualify for statutory

25   tolling during the time the petitioner is pursuing collateral review in the state courts, the prisoner's

26   state habeas petition must be constructively filed <u>before</u>, not after, the expiration of AEDPA's one-

27   year limitations period."  <u>Johnson v. Lewis</u>, 310 F.Supp.2d 1121, 1125 (C.D. Cal. 2004); <u>see</u> <u>also</u>

28   <u>Jiminez v. Rice</u>, 276 F.3d 478, 482 (9th Cir. 2001), cert. denied, 538 U.S. 949, 123 S.Ct. 1627, 155

1   L.Ed.2d 492 (2003) (Petitioner not entitled to statutory tolling for state habeas petition filed "well after

2   the AEDPA statute of limitations ended."). If the state habeas petition is filed after AEDPA's

3   limitations period has expired, the petitioner is not entitled to any statutory tolling. See Laws v.

4   Lamarque, 351 F.3d 919, 922 (9th Cir. 2003) (where a petitioner does not file his first state petition

5   until after the eligibility for filing a federal habeas petition has lapsed, "statutory tolling cannot save

6   his claim"); Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir.), cert. denied, 540 U.S. 924, 124 S.Ct.

7   328, 157 L.Ed.2d 224 (2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations

8   period that has ended before the state petition was filed."). Therefore, while a state petition for writ

9   of habeas corpus tolls an unexpired statute of limitations period, it does not toll the statute of

10  limitations if it is filed after the statute of limitations has expired. Ferguson, 321 F.3d at 823; Ellison

11  v. Knowles, 2011 WL 759869, 3 (C.D. Cal. 2011); Stoian v. Martel, 2011 WL 3847150, 2 (E.D. Cal.

12  2011); Pham v. Garcia, 2004 WL 3263485, 2 (S.D. Cal. 2004).

13          The statute of limitations is tolled while a "properly filed" state habeas corpus petition is

14  "pending" in the state court. Nino v. Galaza, 183 F.3d 1003, 1005 (9th Cir. 1999); overruled on other

15  grounds by Harris v. Carter, 515 F.3d 1051, 1053 (9th Cir. 2008). Under the holding of Nino, the

16  "statute of limitations is tolled from the time the first state habeas petition is filed until the California

17  Supreme Court rejects petitioner's final collateral challenge," provided the petitions were properly

18  filed and pending during that entire time. Nino, 183 F.3d at 1006. The statute of limitations is not

19  tolled from the time a final decision is issued on direct state appeal and the time the first state

20  collateral challenge is filed because there is no case "pending" during that interval. Nino, 183 F.3d

21  at 1006.

22          The meaning of the terms "properly filed" and "pending" in Nino have been clarified by

23  the United States Supreme Court. Carey v. Saffold, 536 U.S. 214, 122 S.Ct. 2134, 153 L.Ed.2d 260

24  (2002). In Carey, the Court held that the time between denial in a lower California court and the filing

25  of a subsequent petition in the next higher court does not toll the statute of limitations, if the petition

26  is ultimately found to be untimely. Id. at 223-226.

27          Here, Petitioner failed to file any applications for post-conviction or other collateral review

28  within the AEDPA's one-year statute of limitations period. See Ferguson, 321 F.3d. at 823 (state

1    habeas petition does not toll the statue of limitations where statute had already expired.)  He did not

2    appeal his 2003 conviction, although he did file petitions for habeas relief in the California Superior,

3    Appellate, and Supreme Courts.  Petitioner now argues that "[t]ime during which a properly filed

4    application for state post-conviction review with respect to the claim is pending does not count toward

5    the period of limitations."  (Doc. No. 14-1 at 10.)  However, Petitioner fails to address the fact that

6    he never properly filed an application for state post-conviction review.  The case law is very clear that

7    statutory tolling is only available when a state habeas petition has been filed prior to the expiration

8    of the statute of limitations period under the AEDPA.  See Johnson v. Lewis, 310 F.Supp.2d at 1125;

9    Jiminez, 276 F.3d at 482; Laws, 351 F.3d at 922; Ferguson, 321 F.3d at 823; Ellison, 2011 WL

10   759869, 3; Stoian, 2011 WL 3847150, 2; Pham, 2004 WL 3263485, 2.

11          Petitioner did not properly file an application for state post-conviction review and provides

12   no support for his bare assertion that he did properly file an application, other than to argue that he

13   filed a habeas petition as soon as he learned that he had no strike priors.  (Petition at 15.)  However,

14   the facts are that Petitioner was sentenced on December 11, 2003, waived his right to appeal, and did

15   not file a state habeas petition in California Superior Court until October 3, 2011, seven years, four

16   months, and twenty-three days after the statute of limitations began to run.[6/]  (Doc. No. 1-3.)  Thus,

17   Petitioner's state habeas petitions were not properly filed under the meaning set forth by the United

18   States Supreme Court, because the statute of limitations expired long before he filed his first habeas

19   petition.  The AEDPA's statute of limitations was not tolled during the time that Petitioner's state

20   petitions were pending (from October 3, 2011, through February 29, 2012), and his instant Petition

21   cannot be saved by statutory tolling.  See Nino, 183 F.3d 1003.

22                          **c. Petitioner is Not Entitled to Equitable Tolling**

23          Petitioner argues that it was not until September of 2011 that he discovered that he has

24   never been convicted of a "strike prior."  (Petition at 15.)  Respondents claim that equitable tolling

25   does not apply because Petitioner "was aware or should have been aware of the factual predicate of

26

27   _____

28          [6/] In the instant Petition, Petitioner states that the date of judgment of his conviction was September 19, 2003, with a sentence start date of December 11, 2003.  (Petition at 1-2.)

1   the claim by the time of his guilty plea and sentencing." (Answer at 13.)  Respondents argue that the

2   statute of limitations clock begins running "when the prisoner knows (or through diligence could

3   discover) the important facts, not when the prisoner recognizes their legal significance."  Id; quoting

4   Hasan v. Galza, 254 F.3d 1150, 1154 (9th Cir. 2001).

5         The U.S. Supreme Court has held that equitable tolling is available under Section 2244(d).

6   See Holland v. Florida, __ U.S. __, 130 S.Ct. 2549, 2554, 177 L.Ed.2d 130 (2010).  In Holland, the

7   Court recognized equitable tolling of the AEDPA one-year limitations period when a prisoner can

8   show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance

9   stood in his way."  Id. at 2562; quoting Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S.Ct. 1807, 161

10  L.Ed.2d 669 (2005); see Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009) (Petitioner must show

11  that the extraordinary circumstances made it impossible to file a petition on time); Laws, 351 F.3d at

12  922 (AEDPA's one-year statute of limitations may be equitably tolled "only when 'extraordinary

13  circumstances beyond a prisoner's control make it impossible to file a petition on time' and 'the

14  extraordinary circumstances were the cause of his untimeliness.'").

15        The Ninth Circuit has held that AEDPA's one-year statute of limitations is subject to

16  equitable tolling.  Beeler, 128 F.3d at 1288; overruled on other grounds by Kelly, 163 F.3d at 540.

17  However, the Ninth Circuit in Beeler noted that "equitable tolling will not be available in most cases,

18  as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control

19  make it impossible to file a petition on time."  Id.  The Beeler court admonished that district judges

20  must "take seriously Congress's desire to accelerate the federal habeas process" and "only authorize

21  extensions when this high hurdle is surmounted."  Id. at 1289.

22        "To apply the doctrine in 'extraordinary circumstances' necessarily suggests the doctrine's

23  rarity, and the requirement that extraordinary circumstances 'stood in [petitioner's] way' suggests that

24  an external force must cause the untimeliness, rather than...merely oversight, miscalculation or

25  negligence on [the petitioner's] part, all of which would preclude the application of equitable tolling.'"

26  Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir.), cert. denied, __ U.S. __, 130 S.Ct. 244,

27  175 L.Ed.2d 167 (2009); quoting Harris v. Carter, 515 F.3d 1051, 1055 (9th Cir. 2008); Miles v.

28

1  Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999) ("equitable tolling is unavailable in most cases").  This

2  standard requires petitioners to meet a "very high threshold" in order to benefit from equitable tolling.

3  United States v. Battles, 362 F.3d 1195, 1197 (9th Cir. 2004); see also Miranda, 292 F.3d at 1066

4  ("[T]he threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions

5  swallow the rule.")

6       Further, the obligation to act diligently "does not pertain solely to the filing of the federal

7  habeas petition, rather it is an obligation that exists during the period [the petitioner] is exhausting

8  state court remedies as well." Roy v. Lampert, 465 F.3d 964, 972 (9th Cir. 2006); citing Lacava v.

9  Kyler, 398 F.3d 271, 277 (3rd Cir. 2005).  When courts assess a habeas petitioner's argument in favor

10  of equitable tolling, they must conduct a "highly fact-dependent" inquiry. Whalem/Hunt v. Early, 233

11  F.3d 1146, 1148 (9th Cir. 2000); Lott v. Mueller, 304 F.3d 918, 923 (9th Cir. 2002).  The burden is

12  on the petitioner to show that the "extraordinary circumstances" he has identified were the proximate

13  cause of his untimeliness, rather than merely a lack of diligence on his part.  Spitsyn v. Moore, 345

14  F.3d 796, 799 (9th Cir. 2003); Stillman v. LaMarque, 319 F.3d 1199, 1203 (9th Cir. 2003).

15       Moreover, ignorance of the law and *pro se* status are insufficient to establish equitable

16  tolling.  See Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) (" a *pro se* petitioner's lack of

17  legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling");

18  Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000), cert. denied, 531 U.S. 1194, 121 S.Ct. 1195,

19  149 L.Ed.2d 110 (2001) ("ignorance of the law, even for an incarcerated *pro se* petitioner, generally

20  does not excuse prompt filing[]" and does not create extraordinary circumstances entitling a petitioner

21  to equitable tolling); Felder v. Johnson, 204 F.3d 168, 172-73 (5th Cir. 2000), cert. denied 531 U.S.

22  1035, 121 S.Ct. 662 (2000) (ignorance of law and *pro se* status held insufficient to toll statute of

23  limitations); Turner v. Johnson, 177 F.3d 390, 392, (5th Cir. 1999); per curium, cert. denied, 528 U.S.

24  1007, 120 S.Ct. 504, 145 L.Ed.2d 389 (1999) (unfamiliarity with legal process and lack of

25  representation do not merit equitable tolling); Herrera v. Butler, 2004 WL 1729927, 2 (N.D. Cal.

26  2004), aff'd, 184 F.App'x 648, 2006 WL 1667676 (9th Cir. 2006) (a "petitioner's *pro se* status and

27  ignorance of the law are not extraordinary circumstances warranting equitable tolling"); Singletary

28

1   v. Newland, 2001 WL 1220738, 2 (N.D. Cal. 2001) ("A misunderstanding of the complexities of

2   federal habeas relief is not considered an extraordinary circumstance or external factor for purposes

3   of avoiding an otherwise valid dismissal, as complete illiteracy does not even provide a sufficient

4   basis for equitable tolling.")

5                    **1. Petitioner Failed to Diligently Pursue His Rights**

6            Here, Petitioner argues that he filed the instant habeas petition "well within the one-year

7   limitations period delineated in 28 U.S.C. 2244(d) and is timely." (Doc. No. 14-1 at 11.)  Petitioner

8   asserts that his SVP attorney informed him in September of 2011 that he did not have any strike

9   priors, and he then filed a state habeas petition in October of 2011. (Petition at 15.)  Therefore, he

10  argues that he, "has diligently sought relief on habeas corpus since the date he discovered the

11  existence of his legal claim." (Doc. No. 14-1 at 6.)

12           Respondents argue that Petitioner is not entitled to equitable tolling because he has failed

13  to meet his burden to demonstrate that he was diligent and that some extraordinary circumstance

14  prevented him from timely filing. (Answer at 15.)  Respondents contend that Petitioner fails to even

15  address the issue.  Id.

16           For equitable tolling to apply, Petitioner must show that he remained diligent in pursuit of

17  his claim. "To determine if a petitioner has been diligent in pursuing his petition, courts consider the

18  petitioner's overall level of care and caution in light of his...particular circumstances..."  Doe v.

19  Busby, 661 F.3d 1001, 1013 (9th Cir. 2011).

20           This Court finds that Petitioner has not met the "very high threshold" required to establish

21  that he has been pursuing his rights diligently, and that some extraordinary circumstance stood in his

22  way and prevented timely filing of the instant Petition.  See Holland, 130 S.Ct. at 2562; Lawrence,

23  549 U.S. at 336; Battles, 362 F.3d at 1197.      Although Petitioner claims that he "has diligently

24  sought relief," he fails to provide any information to support an overall level of care and caution in

25  light of his particular circumstances.  In fact, as Respondents argue, Petitioner does not even address

26  the issue. (See Answer at 15.)  He simply states that he was diligent once he discovered the existence

27  of an alleged constitutional violation. (Doc. No. 14-1 at 6.)  Petitioner does not describe any attempts

28

to pursue relief from May 10, 2004, the date that the statute of limitations began to run, until September of 2011, when his SVP attorney informed him that his Arizona felony conviction was not a strike prior under California law. Moreover, even after his state habeas petition was denied by the California Supreme Court, Petitioner still waited four additional months to file his federal habeas petition in this Court. He has provided no explanation for that delay either.

In sum, Petitioner has offered no evidence to show that he acted with the due diligence required by Section 2244(d)(1)(D), and he cites no cases to support his argument. Petitioner's failure to timely file his federal habeas petition reflects, at most, the sort of garden variety neglect that does not support equitable tolling of the statute of limitations. See Lawrence, 549 U.S. at 336-337; Doe, supra at 1011. For these reasons, Petitioner is not entitled to equitable tolling.

**2. <u>Petitioner is Unable to Show that Extraordinary Circumstance Prevented Timely Filing</u>**

Here, Petitioner has not only failed to show that extraordinary circumstances prevented him from filing a timely habeas petition within the statute of limitations period, but he has failed to advance <u>any</u> reason at all for waiting more than eight years after the statute of limitations began running to file his federal habeas petition. The only circumstance that he offers as a reason for untimely filing is that he is not an attorney and is unaware of the intricacies of the three strikes law. (Doc. No. 1-1 at 7.) Respondents argue that Petitioner was aware of the important facts of the prior conviction when he entered into the plea agreement.

Courts have rejected equitable tolling in cases where the petitioners have alleged the inability to speak English, illiteracy, lack of legal expertise, lack of legal training, ignorance of the statute of limitations, ignorance of the law, and *pro se* status. In <u>Felder v. Johnson</u>, 204 F.3d 168, 172 (5th Cir. 2000), the court held that ignorance of the law or statutes of limitations, *pro se* status, illiteracy, and lack of legal training were all insufficient to warrant tolling. In <u>March v. Soares</u>, 223 F.3d 1217, 1220 (10th Cir. 2000), the court found that ignorance of the law, including the existence of AEDPA, was insufficient to warrant tolling.

Petitioner's significant delay in filing his Petition for Writ of Habeas Corpus in this Court is far different from situations presented in cases where equitable tolling has been found to apply. For

example, in <u>Spitsyn v. Moore</u>, the petitioner's mother hired an attorney to file a federal petition for writ of habeas corpus nearly a year before the statute of limitations deadline, but the attorney failed to file such a petition. <u>Spitsyn v. Moore</u>, 345 F.3d at 798. After a period of inactivity, the petitioner and his mother made three inquiries to the attorney, and filed two grievances with the state bar. <u>Id.</u> Eventually, the petitioner wrote to the attorney indicating that the attorney's representation had been terminated and requested that the attorney return his file. <u>Id.</u> The attorney did not respond or return the petitioner's file until after the statute of limitations had expired. <u>Id.</u> The attorney was ultimately reprimanded by the state bar for violating state rules of professional conduct. <u>Id.</u> The petitioner then filed a *pro se* petition for writ of habeas corpus 226 days after the statute of limitations had expired. <u>Id.</u> at 799. The Ninth Circuit held that "the misconduct of [the petitioner's] attorney was sufficiently egregious to justify equitable tolling of the one-year limitations period under AEDPA," but remanded the case for a determination of whether the petitioner had exercised due diligence such that equitable tolling of the statute of limitations was warranted to render his petition timely. <u>Id.</u> at 801-802.

Petitioner concedes that when he entered into the plea agreement in September of 2003, he was aware that he was admitting to a strike prior for his 1980 Arizona conviction for sexual conduct with a minor under the age of fifteen. (Doc. No. 14-1 at 11.) However, he argues that he "could not have known that, based on the admissible evidence...the victim's age could not be established beyond a reasonable doubt and therefore the strike prior allegation could not have been found true." <u>Id.</u> He claims that he was unaware that his attorney had done no research or investigation regarding the validity of the strike prior allegation. <u>Id.</u> However, Petitioner may have been able to learn this information from his attorney in 2003 by simply asking clarifying questions. Instead, he provides no explanation as to how circumstances made it impossible to discover this information before the statute of limitations period expired on May 10, 2005. Petitioner does not allege that he attempted to conduct independent research, question his attorney, or ask another attorney.

This Court agrees with Respondents' argument. Petitioner has asserted no extraordinary circumstances which may have prevented him from complying with the statute of limitations. The

instant Petition is clearly untimely under Section 2244(d)(1), and cannot be saved by statutory or equitable tolling.  Therefore, dismissal with prejudice is appropriate.

## B. PETITIONER'S CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL WAS NOT VIOLATED

Petitioner claims that his constitutional right to effective assistance of counsel was violated because his trial counsel, "without doing any research regarding the elements of the Arizona offense and without reviewing the record of conviction," advised Petitioner that his Arizona conviction qualified as a strike under California law.  (Petition at 6.)  Specifically, Petitioner asserts that he does not have any strike priors, and due to his attorney's advice, he served a longer sentence than would have been possible if he had competent counsel.  Id.

Respondents argue that Petitioner admitted that his conviction qualified as a strike prior when the San Diego Superior Court accepted his guilty plea on September 19, 2003, and that Petitioner offers no evidence to support his claim that his Arizona conviction did not qualify as a strike under California law.  (Answer at 20.)

The clearly established United States Supreme Court law governing ineffective assistance of counsel claims is Strickland v. Washington, 466 U.S. 668 (1984).  See Baylor v. Estelle, 94 F.3d 1321, 1323 (9th Cir. 1996).  In a petition for writ of habeas corpus alleging ineffective assistance of counsel, the Court must consider two factors.  Strickland, 466 U.S. at 687.  First, the petitioner must show that counsel's performance was deficient.  Id.  Deficient performance requires a showing that counsel made errors so serious that he or she was not functioning as the "counsel" guaranteed by the Sixth Amendment.  Id.  The petitioner must show that counsel's representation fell below an objective standard of reasonableness, and must identify counsel's alleged acts or omissions that were not the result of reasonable professional judgment considering the circumstances.  Id. at 688; United State v. Quintero-Barraza, 78 F.3d 1344, 1348 (9th Cir. 1995).  Judicial scrutiny of counsel's performance is highly deferential.  Strickland, 466 U.S. at 689.  A court indulges a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.  Id. at 687.

A court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the petitioner as a result of the alleged deficiencies.  Strickland, 466 U.S.

1   at 697.  Moreover, the court need not address both prongs if a petitioner fails to make a sufficient

2   showing of either one.  Id.

3        "In a federal habeas challenge to a state criminal judgment, a state court conclusion that

4   counsel rendered effective assistance is not a finding of fact binding on the federal court. . ."

5   Strickland, 466 U.S. at 698.  Instead, "it is a mixed question of law and fact." Id; citing Cuyler v.

6   Sullivan, 446 U.S. 335, 342 (1980).  Federal habeas courts must defer to "state court findings of fact

7   made in the course of deciding an ineffectiveness claim."  Strickland, 466 U.S. at 698.

8                   **1. COUNSEL'S PERFORMANCE WAS NOT DEFICIENT**

9        The first prong of the Strickland test, deficient performance, requires a showing that

10  counsel's performance was "outside the wide range of professionally competent assistant."

11  Strickland, 466 U.S. at 690.  The relevant inquiry under Strickland is not what defense counsel could

12  have done, but whether counsel's choices were reasonable.  See Babbitt v. Calderon, 151 F.3d 1170,

13  1173 (9th

14  Cir. 1998).  Judicial scrutiny of counsel's performance "must be highly deferential," and the court

15  must guard against the distorting effects of hindsight and evaluate the challenged conduct from

16  counsel's perspective at the time in issue.  Strickland, 466 U.S. at 689; see also Yarborough v. Gentry,

17  540 U.S. 1, 8, 124 S.Ct. 1, 1157 L.Ed.2d 1 (2003) ("The Sixth Amendment guarantees reasonable

18  competence, not perfect advocacy judged with the benefit of hindsight."); Wiggins v. Smith, 539 U.S.

19  510, 523, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003) (the first Strickland prong is a "context-dependent

20  consideration of the challenged conduct as seen from counsel's perspective at the time of that

21  conduct."); Karis v. Calderon, 283 F.3d 1117, 1130 (9th Cir. 2002) (court may "neither second-guess

22  counsel's decisions nor apply the fabled twenty-twenty vision of hindsight").

23        Further, a petitioner bears the heavy burden of demonstrating that counsel's assistance was

24  neither reasonable nor the result of sound strategy.  Murtishaw v. Woodford, 255 F.3d 926, 939 (9th

25  Cir. 2001), cert. denied, 535 U.S. 935, 122 S.Ct. 1313, 152 L.Ed.2d 222 (2002); see also Edwards v.

26  Lamarque, 475 F.3d 1121, 1126 (9th Cir.) (en banc), cert. denied, 522 U.S. 1009, 128 S.Ct. 532, 169

27

28

1  L.Ed.2d 371 (2007) ("Because this case involves a claim of ineffective assistance of counsel, there

2  is an additional layer of deference to the choices of trial counsel.")

3       Due to the difficulties inherent in making the above-described evaluation, there is a strong

4  presumption that counsel's conduct falls within the wide range of reasonable professional assistance.

5  <u>Strickland</u>, 466 U.S. at 689; <u>Morris v. California</u>, 966 F.2d 448, 456-57 (9th Cir.), cert. denied, 506

6  U.S. 831, 113 S.Ct. 96, 121 L.Ed.2d 57 (1992) (if court can conceive of reasonable tactical purpose

7  for counsel's action or inaction, court need not determine actual explanation).  A habeas petitioner

8  bears the burden to overcome the presumption that, under the circumstances, the challenged action

9  constituted competent representation.  <u>Strickland</u>, 466 U.S. at 689.

10      Federal habeas courts must guard against the danger of equating unreasonableness
under <u>Strickland</u> with unreasonableness under [Section] 2254(d).  When [Section]
11  2254(d) applies, the question is not whether counsel's actions were reasonable.  The
question is whether there is any reasonable argument that counsel satisfied <u>Strickland</u>'s
12  deferential standard.

13  <u>Premo v. Moore</u>, __ U.S. __, 131 S.Ct. 733, 740, 178 L.Ed.2d 649 (2011).

14       In a situation where the state courts address one prong of the two-prong <u>Strickland v.

15  Washington</u> test for ineffective assistance of counsel, but not the other, federal courts apply AEDPA

16  deference to the prong the state courts reached, but review the unaddressed prong *de novo*.  <u>Harris v.

17  Thompson</u>, 698 F.3d 609, 625 (7th Cir. 2012); <u>citing</u> <u>Rompilla v. Beardy</u>, 545 U.S. 374, 125 S.Ct.

18  2456, 162 L.Ed.2d 360 (2005) (*de novo* review where state courts did not reach prejudice prong).

19       The U.S. Supreme Court recently determined that a state court's conclusion that defense

20  counsel did not perform deficiently when he advised an inmate to enter a quick no-contest plea

21  without bringing a motion to suppress a confession, was not an unreasonable application of clearly

22  established federal law.  <u>Premo</u>, 131 S.Ct. 733.  The <u>Premo</u> case concerned the adequacy of

23  representation in providing an assessment of a plea bargain without first seeking suppression of a

24  confession assumed to be improperly obtained.  <u>Id.</u> at 738.  On the advice of counsel, the petitioner

25  in <u>Premo</u> pled no contest to felony murder in exchange for the minimum sentence allowed by law for

26  the offense.  <u>Id.</u>  Later, in a state application for post-conviction relief, the petitioner complained that

27

28

his attorney had not filed a motion to suppress his confession to police in advance of providing advice that the petitioner considered before accepting the plea offer.  Id.

In determining that the state court's decision was not an unreasonable application of clearly established federal law when it concluded that the petitioner did not receive ineffective assistance of counsel, the Court noted that trial counsel had explained his reason for failing to move to exclude the confession.  Premo. 131 S.Ct. at 738.  The Premo Court stated that, "the question is whether an attorney's representation amounted to incompetence under 'prevailing professional norms,' not whether it deviated from best practices or most common custom."  Id. at 740.  Further, the Court explained that,

> Even under de novo review, the standard for judging counsel's representation is a most deferential one.  Unlike a later reviewing court, the attorney observed the relevant proceedings, knew of materials outside the record, and interacted with the client, with opposing counsel, and with the judge.  It is 'all too tempting' to 'second-guess counsel's assistance after conviction or adverse sentence.'

Premo, 131 S.Ct. at 7340, citing Strickland, 466 U.S. at 689.

In the California Superior Court, Petitioner challenged the effectiveness of his trial counsel on the grounds that he received erroneous advice that his Arizona conviction for sexual conduct with a minor under age fifteen qualified as a strike prior.  (Doc. No. 1-3 at 4.)  The Superior Court denied the petition in a reasoned order.  (Doc. No. 1-2.)

The California Superior Court rejected Petitioner's claim of ineffective assistance of counsel, reasoning:

> [T]here is no proof that counsel failed in the ways Petitioner has alleged.  Petitioner...has presented no legitimate evidence that [counsel was] ineffective or prejudiced his case.  Therefore, Petitioner has failed in his argument that counsel was ineffective.

(Doc. No. 1-2 at 5.)

However, after concluding that Petitioner was not prejudiced by his counsel's actions, the Superior Court declined to reach the issue of whether counsel's assistance fell outside the range of reasonable professional assistance.  (Doc. No. 1-2 at 5.)  Petitioner asserted the same grounds for habeas relief in a petition to the California Court of Appeal.  (Doc. No. 1-3.)  The appellate court denied the petition, but did not provide a full order.  (Doc. No. 1-4.)  Instead, the appellate court

denied the habeas petition by way of a minute order on the court's docket.  Id.  Petitioner then filed a habeas petition in the California Supreme Court, which issued a silent denial.  (Doc. No. 1-6 at 2.) Thus, the last reasoned state court decision which addressed the merits of Petitioner's ineffective assistance of counsel claim is the California Superior Court's opinion affirming Petitioner's conviction.  (Doc. No. 1-2.)  However, because the state court only reached one prong of Strickland on the merits, this Court will conduct a *de novo* review of Strickland's performance prong.

Filed along with Petitioner's untimely Reply is a Declaration of his 2003 counsel, Mr. Guerrero.  (Doc. No. 15.)  The Declaration is dated October 24, 2012, which was more than nine years after Petitioner entered into the plea agreement that he now seeks to invalidate.  Petitioner presumably offers the Declaration as evidence to support his argument that his counsel's conduct was constitutionally deficient when he advised Petitioner that his Arizona conviction qualified as a strike prior in California.  Counsel concedes in his recent Declaration that,

> I have now reviewed the record of conviction from [Petitioner's] case in Maricopa County, and, based on the statutory elements and considering all admissible evidence in the record of conviction, the offense of which he was convicted does not qualify as a 'strike prior,' under the tests articulated in [citations omitted] because no statutory elements of the offense are not (sic) comparable to any serious or violent felony offense in California, and no admissible evidence contained in the record of conviction establishes that the victim of the offense was younger than fourteen.

(Doc. No. 15 at 7.)

However, the Court cannot overlook the fact that this Declaration was prepared nine years after these proceedings, and is based on counsel's review of his files and notes, or lack thereof.  (Doc. No. 15 at 5.)  Moreover, counsel states in his Declaration that his notes show that he appeared to be concerned at the time with a separate federal conviction obtained by Petitioner, which counsel had deemed to be a probable strike.  ((Doc. No. 15 at 7.)

The Court cannot find that counsel's performance fell below an objective standard of reasonableness.  In Petitioner's 2003 criminal proceeding, the documents before the prosecutor, Petitioner's counsel, and Petitioner himself  indicated that Petitioner's Arizona victim was ten years old.  (Respondents' Lodgment No. 6; Exh. B.)  Petitioner argues that the exact age of the Arizona victim was not identified in the admissible evidence at the time that he entered his guilty plea and

admitted the strike prior.  (Petition at 14.)  However, the Court is persuaded by Respondents' argument that, had Petitioner's trial counsel decided to dispute that the Arizona conviction was a strike prior based merely on the fact that the charging documents stated that the victim was under the age of fifteen years old, the prosecutor would have been alerted to the need for, and presumably attempted to obtain and offer, more evidence regarding the victim's age. (Answer at 21.) Petitioner's SVP attorney, who allegedly informed Petitioner that his Arizona offense does not qualify as a strike prior, informed the state court in a letter related to Petitioner's SVP proceeding that the probation report in the Arizona case contains information regarding the victim's age, which, if true, would render the conviction a "sexually violent offense" for purposes of WIC Section 6600.  (Respondent's Lodgment No. 5 at 2, n. 2.)

Additionally, Petitioner does not dispute that the victim in his Arizona conviction was a ten year old girl.  Although the Arizona charging document does not list the victim's exact age, if Petitioner had made a timely objection as to her age, the prosecutor could have used a variety of methods to prove that she was ten years old at the time that Petitioner forced her to orally copulate him.  The victim, her parents, other relatives, or teachers could have testified to the undisputed fact that she was ten years old.  The prosecutor also had the option to offer the victim's birth certificate, school records, or other documents to prove her age.

Counsel also states in his Declaration that the "strike prior would not necessarily be a provable 'strike prior,' since non-forcible sexual conduct with a fourteen year-old minor is not punishable as a serious or violent felony in California." (Doc. No. 15 at 6.)  Again, had Petitioner's trial counsel decided to dispute that the Arizona conviction involved force, the prosecutor would have been alerted to the need for, and presumably attempted to obtain and offer, evidence related to Petitioner's use of force in the Arizona offense.  The presentence investigation report in the Arizona case expressly states that Petitioner "forced the victim...age ten, to perform fellatio on him." (Respondents' Lodgment No. 6.)  The report further notes that, "[f]ive young female passengers were in [Petitioner's] vehicle and witnessed the molestation."  Id.  Therefore, had Petitioner's counsel challenged the Arizona conviction's qualification as a strike prior, there were six witnesses, including

1   the victim, that presumably could have testified to the forcible nature of Petitioner's sexual conduct

2   with the ten year old victim.

3

4          Further, in Petitioner's plea agreement, he pled guilty to two of the four felonies that he was

5   charged with violating.  (Respondents' Lodgment Nos. 1, 2.)  In fact, in the instant Petition, he

6   concedes that he received a plea deal, stating, "...since this case involved [] the dismissal of charges

7   and allegations by Real Party in exchange for Petitioner's guilty plea with the admission of the strike

8   prior allegation and the stipulated sentence, Real Party is entitled to be placed in the position it would

9   have been in but for the constitutional violation."  (Petition at 26.)

10         As the U.S. Supreme Court noted in <u>Premo</u>,

11         [t]here are, moreover, special difficulties in evaluating the basis for counsel's
           judgment: An attorney often has insights borne of past dealings with the same
12         prosecutor or court, and the record at the pretrial stage is never as full as it is after a
           trial.  In determining how searching and exacting their review must be, habeas courts
13         must respect their limited role in determining whether there was manifest deficiency
           in light of information then available to counsel.  AEDPA compounds the imperative
14         of judicial caution.

15   <u>Premo</u>, 131 S.Ct. At 741. (citations omitted).

16         The Court cannot find that Petitioner's counsel operated below an objective standard of

17   reasonableness when he advised Petitioner to admit to the strike prior under the circumstances.

18   Petitioner's counsel and the prosecution were both aware that Petitioner's Arizona victim was ten

19   years old at the time of the sexual offense.  Petitioner pled guilty to two of the four felonies that he

20   was charged with violating, and he waived his right to appeal, among other items, "issues related to

21   strike priors (under PC sections 667(b)-(i) and 1170.12."  (Respondents' Lodgment No. 2.)  In his

22   Declaration, Petitioner's counsel from the 2003 proceeding states that the strike prior would <u>not</u>

23   <u>necessarily</u> be a provable strike prior. (Doc. No. 15.)  Looking back, nearly a decade later, this Court

24   cannot find that Petitioner was denied his constitutional right to effective assistance of counsel.

25   **2. <u>AS DETERMINED BY THE STATE COURT, PETITIONER WAS NOT PREJUDICED BY COUNSEL'S ACTIONS</u>**

26         This Court need not even conduct a *de novo* review of the performance prong of <u>Strickland</u>

27   because the state court concluded that Petitioner was not prejudiced by counsel's actions, and

28

therefore he did not receive ineffective assistance of counsel.  (Doc. No. 1-2 at 5.)  The second prong of Strickland requires Petitioner to demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result . . . would have been different."  Id. at 694.  The Court must evaluate whether the entire trial was fundamentally unfair or unreliable because of counsel's ineffectiveness.  Id; Quintero-Barraza, 78 F.3d at 1348.

Petitioner claims in the instant Petition that, "[w]ithout the admission of the strike prior, I faced a maximum sentence of five years, four months without any credit limitation." (Petition at 15.) He continues, "[a]s a result of the pleas, admission, and stipulated sentence, I was sentenced to five years, eight months, with an 80% credit limitation [].  I was prejudiced as a result of the ineffective assistance of my court-appointed attorney." Id. at 15-16.  However, in his Reply, Petitioner notes that, "the maximum sentence Petitioner conceivably faced in case SCS178581 was five years, eight months, with a 50% credit limitation."  (Doc. No. 14-1 at 6.)

The California Superior Court determined that Petitioner was unable to meet the prejudice prong of Strickland.  (Doc. No. 1-2 at 5-7.)

In its denial order, the court stated:

> [B]ased upon [] U.S. Supreme Court guidance, this Court denies this Petition because Petitioner has failed to provide any evidence to support his claim that trial counsel was ineffective.  The Petitioner's argument is invalid in failing to show that even if his counsel had done more research or challenged the strike prior that it would have changed the outcome at trial or in a plea agreement. Petitioner's claims are ineffective in the Court's eyes and are self-serving at best.  If the Petitioner wants to make the argument that counsel was ineffective, Petitioner should do that, and at that has done so ineffectively.

(Doc. No. 1- 2 at 4.)

This Court agrees with the California Superior Court that Petitioner was not prejudiced by counsel's actions.  Petitioner was sentenced to five years and four months in prison and concedes that, had he not entered into the plea agreement, he was facing a nearly identical sentence. (Respondents' Lodgment No. 3.)  He argues in his Petition that he would have received a sentence of five years and eight months in prison if he had not entered into the plea agreement, but he claims in his Reply brief that he would have received a sentence of five years and four months in prison. (Petition at 15; Doc.

1   No. 14-1 at 6.)  Petitioner also asserts that he would have received more favorable probation

2   revocation percentages, but again provides two different percentages in his Petition and Reply briefs.

3   (Petition at 15; Doc. No. 14-1 at 6.)

4        Petitioner also argues that he was prejudiced because "no serious or violent offense, within

5   the meaning of the three strikes law, contains elements identical to those of the Arizona statute."

6   (Petition at 21.)  However, he also concedes that, "[a]rguably, Penal Code Section 288, subdivision

7   (c), is similar to this crime [Petitioner's Arizona conviction]; although, [] subdivision (c) contains an

8   additional requirement that the perpetrator be ten or more years older than the minor at the time of the

9   offense."  Id. at 20-21; See § 288(c).  Section 288(a) and (c) read,

10       (a) Except as provided in subsection (i), any person who willfully and lewdly commits
         any lewd or lascivious act, including any of the acts constituting other crimes provided
11       for in Part 1, upon or with the body, or any part or member thereof, of a child who is
         under the age of 14 years, with the intent of arousing, appealing to, or gratifying the
12       lust, passions, or sexual desires for that person or the child, is guilty of a felony and
         shall be punished by imprisonment in the state prison for three, six, or eight years.

13
         (c)(1) Any person who commits an act described in subdivision (a) with the intent
14       described in that subdivision, and the victim is a child of 14 or 15 years, and that
         person is at least 10 years older than the child, is guilty of a public offense and shall
15       be punished by imprisonment in the state prison for one, two, or three years, or by
         imprisonment in a county jail for not more than one year.  In determining whether the
16       person is at least 10 years older than the child, the difference in age shall be measured
         from the birth date of the person to the birth date of the child.

17

18       In his argument, Petitioner appears to neglect the fact that he was well beyond ten years

19   older than the ten year old victim at the time of the Arizona offense.  Petitioner was born on June 1,

20   1941.  (Doc. No. 1-1 at 52; Doc. No. 1-3 at 47.)  At the time that he committed his March 5, 1979,

21   felony offense in Arizona, Petitioner was thirty-seven years old.  He was twenty-seven years older

22   than his ten year old victim.

23       In an attempt to support his claim, Petitioner argues that the state dismissed some of the

24   felony charges against him when it entered into the plea agreement, and the state is "entitled to be

25   placed in the position it would have been in but for the constitutional violation."  (Petition at 26.)

26       The state courts' rejection of Petitioner's ineffective assistance of counsel claim was not

27   contrary to, or an unreasonable application of, clearly established law, and was not based on an

28

1  unreasonable determination of the facts in light of the evidence presented.  Accordingly, Petitioner

2  is not entitled to federal habeas relief on this claim.  For these reasons, this Court finds that the state

3  court's denial of Petitioner's claim was neither contrary to, nor an unreasonable application of, clearly

4  established federal law.  Therefore, the Court RECOMMENDS that Petitioner's claim for habeas

5  relief in this regard be DENIED.

6  ## IV. CONCLUSION AND RECOMMENDATION

7  After a thorough review of the record in this matter, the Court has determined that

8  Petitioner has failed to comply with the AEDPA's statute of limitations and that he is not entitled to

9  equitable tolling of the statute of limitations. 28 U.S.C.A. Section 2244(d).

10  Accordingly, the Court RECOMMENDS that Petitioner's Petition for Writ of Habeas

11  Corpus be DENIED.

12  This Report and Recommendation of the undersigned Magistrate Judge is submitted to the

13  United States District Judge assigned to this case, pursuant to the provision of 28 U.S.C. § 636(b)(1).

14  **IT IS ORDERED** that no later than February 15, 2013, any party to this action may file

15  written objections with the Court and serve a copy on all parties.  The document should be captioned

16  "Objections to Report and Recommendation."

17  **IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court

18  and served on all parties no later than March 1, 2013.  The parties are advised that failure to file

19  objections within the specified time may waive the right to raise those objections on appeal of the

20  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

21  IT IS SO ORDERED.

22  DATED:  January 23, 2013

23

24

25  Hon. William V. Gallo
   U.S. Magistrate Judge

26

27

28