# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK MCKINNEY, aka James Worth, | Case No. 12cv1591-DMS (WVG) |
| Petitioner, | **ORDER OF DISMISSAL** |
| vs. | |
| WILLIAM GORE, Sheriff for the County of San Diego, | |
| Respondent. | |

Petitioner Mark McKinney, aka James Worth, a state prisoner proceeding *pro se* with assistance of counsel, filed a petition for writ of habeas corpus under 28 U.S.C. Section 2254 challenging his sentence for evading an officer with reckless driving and unlawful taking and driving of vehicle. Petitioner contends he received ineffective assistance of counsel when he was advised to plead guilty and admit he had a prior strike. In addition, he maintains that as a consequence of the allegedly ill-advised plea, his current detention pursuant to a civil commitment petition under California's Sexually Violent Predator Act ("SVPA") violates his constitutional rights. The petition was referred to United States Magistrate Judge William V. Gallo for a report and recommendation pursuant to 28 U.S.C. Section 636(b)(1)(B) and Civil Local Rule 72.1(d). Respondent answered the petition arguing it should be dismissed as untimely, or alternatively, denied on the merits. Petitioner filed a reply. On January 23, 2013, the Magistrate Judge issued a report and recommendation, with a recommendation to dismiss the petition as untimely, or alternatively, to deny on the merits.

Petitioner timely objected to the report and recommendation. Respondent did not file a response. In reviewing a magistrate judge's report and recommendation, the district court "shall make a *de novo* determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

First, based on Petitioner's concession in his reply (Reply at 8), the Magistrate Judge recommended to abstain from deciding Petitioner's second claim regarding his current SVPA detention, because the case is still pending in state court. Petitioner does not object to this recommendation. Accordingly, Petitioner's second claim is dismissed without prejudice.

Second, the Magistrate Judge recommended to dismiss Petitioner's first claim for ineffective assistance of counsel as untimely. Petitioner does not object to the conclusion his judgment became final on May 10, 2004. The instant petition was not filed until more than eight years later, on June 27, 2012. Petitioner also does not object to the conclusion that statutory tolling does not apply in his case. (R&R at 9-13.)

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") sets a one-year statute of limitations for filing a federal habeas petition seeking relief from a state court judgment." *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009); *see also* 28 U.S.C. § 2244(d)(1). Generally, the statute runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The judgment in Petitioner's case became final on May 10, 2004 and, in the absence of any grounds to delay the start of the limitations period or toll it once it began to run, the statute of limitations expired on May 10, 2005. Petitioner did not file his petition until June 27, 2012.

Relying on 28 U.S.C. Section 2244(d)(1)(D), Petitioner objects to the finding the statute of limitations started to run on May 4, 2004. Section 2244(d)(1)(D) delays the start of the statute of limitations until "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."[1] Petitioner argued in his reply and argues

---

[1] Petitioner raised this issue in his reply (Reply at 8); however, it is not addressed in the report and recommendation.

in his objections that in 2003, on advice of counsel, he pled guilty and admitted to having suffered a prior strike offense -- a 1980 conviction based on his guilty plea in Arizona state court to one count of sexual conduct with a minor under the age of fifteen. In September 2011, after the SVPA petition had been filed against him, he learned from the counsel representing him in that proceeding that the admissible evidence in the record of the 1980 conviction was insufficient to qualify as a strike prior under California law. He argues he did not know this when he pleaded guilty in 2003, and his guilty plea was ill-advised. Petitioner claims he was prejudiced as he received a longer custodial sentence because of the strike prior.[2]

Petitioner maintains at the time of his guilty plea he had no reason to distrust or disagree with his counsel's advice, and could not have discovered, even through reasonable diligence, the factual predicate of his claim until he received the advice of his new counsel in 2011, especially given he was incarcerated and indigent. (Objections at 3.) Based on this argument, he claims the start of the statute of limitations should be delayed for more than seven years until 2011.

Petitioner does not claim he did not know the facts underlying his 1980 conviction or its procedural facts. Rather, the only thing he learned after his 2003 guilty plea was the legal significance of those facts. This is insufficient to claim delayed accrual under section 2244(d)(1)(D). *See Ford v. Gonzalez,* 683 F.3d 1230, 1235 (9th Cir. 2012) (statute begins to run "when a person knows or through diligence could discover the vital facts, regardless of when their legal significance is actually discovered"); *Hasan v. Galaza*, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001), citing *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000) (petitioner need not understand the legal significance of the facts, but simply the facts themselves, before the statute of limitations begins to run); *Holmes v. Spencer*, 685 F.3d 51, 59 (1st Cir. 2012) ("factual predicate" means "evidentiary facts or events, and not court rulings or legal consequences of the facts;" delay in discovering legal advice to plead guilty was misleading is insufficient to delay accrual).

---

[2] The stipulated sentence was for five years and four months, with a 20% credit limitation due to the strike prior. (Objections at 7.) Petitioner claims a stipulated sentence without the strike prior would have been for five years and eight months, with a 50% credit limitation. (*Id*.) He argues the latter sentence would have resulted in an earlier release because he would have accumulated good time credits at 50% without the strike prior. (*Id*.)

- 3 -

Based on the foregoing, the Court is persuaded by the reasoning of *Ledoux v. Dennehy*, 327 F. Supp. 2d 97 (D. Mass. 2004), which rejected the same argument made by Petitioner here, and denied delayed accrual of the statute of limitations. Similarly to Petitioner here, Mr. Ledoux asserted an ineffective assistance of counsel claim arguing a legally insufficient habitual criminal allegation was included in his indictment, but his defense counsel advised him to plead guilty because he would receive a much longer sentence if he were tried with the habitual criminal allegation in the indictment. Five years later, Mr. Ledoux concluded he had been misadvised, and sought to delay accrual of the statute of limitations based on section 2244(d)(1)(D). *Id.* at 97-98 & 100. In denying delayed accrual, the Court reasoned:

> "Factual predicates" are not the same as legal consequences, and "discover[y] through the exercise of due diligence" is not the same as actual understanding. Section 2244(d)(1)(D) gives defendants the benefit of a later start if vital facts could not have been known by the date the convictions became final. In this case, Ledoux knew the principal facts underlying his claim that his state court convictions were invalid - that the Commonwealth had charged him with being a habitual criminal, that the alleged predicate offenses underlying this charge were manslaughter and O.U.I., that the Commonwealth offered to drop that charge if he pled guilty to the other charges against him, and that his trial counsel advised him that he would most likely receive a life sentence for being a habitual criminal if he chose to go to trial - before his convictions became final in January 1995 (or, in any case, prior to April 24, 1996). That Ledoux did not discover until October or November 1999 that his trial counsel's advice was allegedly misleading and inaccurate is certainly unfortunate, but nevertheless, it is unavailing under the language of section 2244(d)(1)(D).

*Id.* at 101, citing *Owens*, 235 F.3d at 359 (internal citation omitted, quotation marks and brackets in original). Petitioner's argument to delay accrual of the statute of limitations is rejected for the same reasons.

Alternatively, Petitioner argues he is entitled to equitable tolling. A petitioner seeking equitable tolling bears the burden of establishing two elements (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, __ U.S. __; 130 S.Ct. 2549, 2562 (2010) (internal quotation marks and citation omitted).

Citing *Holland*, Petitioner argues reliance on an incompetent counsel's advice and diligence constitutes an "extraordinary circumstance" warranting equitable tolling. (Objections at 4.) *Holland* held that, although garden variety attorney negligence is not an extraordinary circumstance,

professional misconduct could amount to egregious behavior and create an extraordinary circumstance that warrants equitable tolling. 130 S.Ct. at 2563.

*Holland* is distinguishable, however. The Court found the extraordinary circumstance requirement could potentially be satisfied in *Holland* because counsel's failure to timely file a federal habeas petition and ignorance of the filing deadline went beyond simple negligence. Counsel was aware of Mr. Holland's strong desire to file a federal petition if state collateral relief was denied, and despite Mr. Holland's numerous requests for information about his case, counsel did not communicate with him over a period of years. Ultimately, counsel failed timely to inform Mr. Holland that state supreme court had denied relief, failed to properly research the federal petition filing deadline, and failed to file the petition. *Id*. at 2564; *see also id.* at 2555-59. Counsel's failures caused Mr. Holland to lose "what was likely his single opportunity for federal habeas review of the lawfulness of his imprisonment and of his death sentence." *Id*. at 2566. In contrast, counsel's alleged misconduct here is that he failed to order the record of the 1980 conviction and research whether the prosecution could show it constituted a strike, and instead based his plea advice on the "probability" that it was a strike. While this may have amounted to negligence, an issue on which this Court need not and does not opine, several fundamental duties of representation which were breached in *Holland* were not breached here. *Cf. id.* at 2564 (communicating with client, implementing client's reasonable requests, keeping client informed of key developments, and avoidance of abandonment). Moreover, Mr. Holland was diligent throughout the relevant time period. *Id*. at 2565 (numerous letters to counsel seeking crucial information and providing direction, letters to state courts and their clerks to obtain case status information, and drafting his own *pro se* petition). Petitioner does not describe any efforts he undertook to ensure timely filing of his petition. His reliance on *Holland* is therefore unavailing.

Petitioner's argument boils down to the proposition that his ignorance of the law amounts to an extraordinary circumstance. (Objections at 3-4.) This is insufficient because a *pro se* prisoner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling. *Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006). Accordingly, Petitioner has not met his burden of showing he is entitled to equitably toll the statute of limitations for more than seven years.

For the foregoing reasons Petitioner's objections are overruled, the report and recommendation is adopted as modified herein. Petitioner's ineffective assistance claim is dismissed as untimely. Petitioner's second claim regarding his present civil detention is dismissed without prejudice. Certificate of appealability is denied.

**IT IS SO ORDERED.**

DATED: March 13, 2013

HON. DANA M. SABRAW
United States District Judge

cc:
Laura Arnold
Office of the Primary Public Defender
450 B Street, Ste. 900
San Diego, CA 92101